UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | |
|---|---|
| **LIBORIO ARGENTO, JENNIFER SILVA**, on their own behalf and on behalf of their minor children V. A. and C.A., | Civil Action No.: |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| **ROYAL CARIBBEAN CRUISES LTD.** | |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiffs LIBORIO ARGENTO and JENNIFER SILVA on their behalf and on behalf of their minor children V.A. and C.A. (hereinafter "Plaintiffs"), by and through undersigned counsel, and brings this action against Defendants ROYAL CARIBBEAN CRUISES, LTD. ("Defendant"), and alleges as follows:

## PARTIES

1. Plaintiffs LIBORIO ARGENTO are JENNIFER SILVA are, and were, at all relevant times, citizens and residents of Montreal, Canada. LIBORIO ARGENTO and JENNIFER SILVA are the natural parents of minor Plaintiffs V.A. and C.A.

2. Defendant Royal Caribbean Cruises, Ltd. ("RCCL") is a corporation incorporated in the State of Florida, with its principal place of business located at 1050 CARIBBEAN WAY, MIAMI, FL 33132. Defendant RCCL is a citizen of Florida.

3. Defendants are individually, jointly and severally liable to Plaintiff for damages suffered by Plaintiffs arising from Defendants cruise on Jan 3, 2019 or thereabout, at issue in the

instant action, effectuated directly and indirectly through their respective agents, servants, employees and/or owners, all acting within the course and scope of their representative agencies, services, employments and/or ownership.

4. Defendant is vicariously liable for the acts and/or omissions of its employees and/or agents who were at all times relevant hereto acting on behalf of Defendant and within the scope of their employment or agency with Defendant.

## JURISDICTION & VENUE

5. This is an action for personal injuries and damages, the value of which exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs. The injury giving rise to this action occurred while plaintiffs were fare paying passengers aboard a cruise ship operating on navigable waters of the United States. Federal subject matter jurisdiction arises under and is by virtue of alienage-diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), as well as admiralty jurisdiction under 28 U.S.C. § 1333 and the general maritime law of the United States. The Court also has subject matter jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. § 1367 because such claims are interrelated with Plaintiffs' maritime claims and arise out of a common nucleus of operative facts and their adjudication furthers the interests of judicial economy.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is domiciled in this district and because a substantial part of the acts and/or omissions giving rise to these claims occurred within this district. This action is being pursued in this Court, as opposed to State court as otherwise allowed by the Savings to Suitors Clause under 28 U.S.C. § 13333, as Defendant RCCL unilaterally inserts a mandatory forum selection clause in the terms of its ticket

contract requiring that all passenger disputes "shall be litigated, if at all, in and before the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, U.S.A. . . . to the exclusion of the courts of any other state, territory or country."

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant RCCL was and is a Florida corporation with its principal place of business in the State of Florida, the County of Dade, and this judicial district.

8. At all times material hereto, Defendant owned, operated, maintained, controlled and inspected the SERENADE OF THE SEAS (hereinafter "Vessel"), a foreign flag passenger cruise vessel which Defendant utilized to transport fare-paying passengers on cruises to and from the United States on navigable waters of the United States and on the high seas.

9. At all times material hereto, Plaintiffs LIBORIO ARGENTO, JENNIFER SILVA and minor children V.A. and C.A. are and were residents and citizens of Montreal Canada and were sui juris.

10. Prior to the departure date, Plaintiffs purchased tickets for a cruise aboard the Vessel with a scheduled departure date from Ft. Lauderdale, Florida on December 30, 2019, and scheduled disembarkation in Ft. Lauderdale, Florida on January 10, 2020.

11. On or about January 3, 2020 and continuing for several days, Plaintiffs were aboard the Vessel as fare-paying passengers assigned by Defendant to Stateroom 1074 (hereinafter "Stateroom"). Unbeknownst to Plaintiffs, the Stateroom was infested with hundreds of bed bugs. The bed bugs latched onto the Plaintiffs while they slept and sucked their blood until they were gorged. Plaintiffs suffered from numerous bites and skin rashes, which caused pain, discomfort, annoyance, sleeplessness, inconvenience, humiliation, anxiety, and emotional distress.

12. Plaintiffs reported these findings to Defendant and the medical staff aboard the Vessel, requested prompt medical care, and asked for assurances that the Stateroom was clear of bed bugs and to be moved to a new bed-bug-free stateroom. Rather than promptly assisting Plaintiffs, Defendant through its employees and medical staff refused and delayed Plaintiffs' requests and ridiculed Plaintiffs and their injuries.

13. Plaintiffs seek damages from Defendant for Defendant's negligent, wanton, reckless and intentional failure to properly maintain pest control aboard the Vessel and in the Stateroom and for allowing the bed bug infestation to occur and cause Plaintiffs to suffer financial loss, personal injury, and emotional and mental distress.

14. As a result of Defendant's failure to properly maintain the Vessel and Plaintiffs' assigned Stateroom, Plaintiffs were forced to endure filthy infestations of bed bugs. Defendant's failed to disclose, inspect or warn Plaintiffs of the presence of these filthy infestations aboard the vessel before Plaintiffs purchased their cruise even though Defendant had actual and/or constructive notice of the infestations. Moreover, Defendant, by and through its agents, employees and managers, intentionally concealed the bed bug infestation from Plaintiffs in order to induce them to purchase their cruise.

15. As a direct and proximate result of the incident alleged herein and the negligent, wanton, willful, outrageous, reckless and intentional breaches of duties, acts and omissions of Defendant, Plaintiffs sustained serious illness and severe physical and emotional injuries, including but not limited to severe skin rash, painful bed bug bites and personal injuries over the entirety of the body caused by bed bugs, aggravation of a pre-existing physical condition, emotional distress and mental suffering from insect bites, sleeplessness, inconvenience,

humiliation, grief, frustration, anxiety and other symptoms, as well as property damage to clothing and personal belongings and out of pocket expenses. Plaintiffs are informed and believe, and thereupon allege that some or all of the injuries will result in permanent damage, disability, pain, and suffering, causing general damages in an amount within the jurisdictional requirements of this Court.

16. As a further direct and proximate result of the incident alleged herein and the negligent, wanton, willful, outrageous, reckless and intentional breaches of duties, acts and omissions of Defendant, it was and continues to be necessary for Plaintiffs to receive medical and/or psychological care and treatment and upon information and belief Plaintiffs will be required to do so in the future. The cost of medical and/or psychological care and treatment past and future is not known at this time and Plaintiffs allege as damages herein the amount of such cost according to proof at trial.

## COUNT I
## NEGLIGENCE—GENERAL MARITIME LAW

17. Plaintiffs re-allege and incorporate by reference hereby Paragraphs 1 to 16, inclusive, as though the same were fully set forth herein.

18. As the owner and operator of the Vessel, Defendant owed Plaintiffs a duty to exercise reasonable care under the circumstances to avoid causing them personal injuries. "The contract of carriage imposes a duty on the carrier to transport passengers safely, . . . and to exercise reasonable care under the circumstances of each case." *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1290 (9th Cir. 1997) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). "A contract for passage by water implies something more than ship room and transportation. It includes reasonable comforts, necessaries, and kindness.... It is the duty of the

common carrier by water to provide his passengers with comfortable accommodations ... and the carrier must subject his passengers to no suffering or inconvenience which can be avoided by reasonable care and effort." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984).

19. Defendant had a further duty to warn Plaintiffs of any dangerous conditions which were known to Defendant or could have been known to Defendant by reasonable inspection.

20. On or about the above-mentioned dates, Defendant breached their duty of care to Plaintiffs, and as art of a continuous course of conduct, so negligently and recklessly owned, operated, maintained, controlled, supervised and inspected the Vessel, its gear and equipment, and the areas of the Stateroom and its bedding aboard its vessel in a dangerous, unsafe, and defective condition, and negligently, wantonly, willfully, and outrageously:

   a. failed to provide a safe, comfortable and sanitary Stateroom to Plaintiffs;

   b. failed to regularly and properly inspect the vessel and the Stateroom to identify the existing bed bug infestation;

   c. failed to regularly and properly maintain the Stateroom and treat, exterminate and control the bed bug infestation;

   d. failed to warn Plaintiff of the bed bug infestation and dangerous and hazardous condition existing in their Stateroom of which Defendant either knew or should have known through the use of reasonable care and inspection;

   e. allowed, permitted and caused the Stateroom to be and remain in an unsafe, unhealthy and uninhabitable bed bug infested condition by failing to properly maintain and control the pest infestation aboard the vessel and in the Stateroom;

    f. failed to investigate and ascertain the cause of prior similar accidents so as to take measures to prevent their reoccurrence and/or eliminate the hazards, and more particularly Plaintiffs' accident and subsequent injuries;

    g. failed to take any means or precautions for the safety of Plaintiffs under the circumstances, then and there existing;

    h. failed to properly train, instruct and supervise employees to properly inspect and maintain passenger Staterooms, their beds, mattresses and linen;

    i. failed to promulgate and/or enforce adequate housekeeping polices and/or procedures so as to maintain reasonably safe conditions in passenger staterooms free of bed bug infestation;

    j. failed to promulgate and/or enforce adequate housekeeping polices and/or procedures for its employees to properly warn of dangers; and

    k. in other manners expected to be discovered during the course of ongoing investigation and discovery, all of which caused Plaintiff to sustain serious personal injuries.

21. Defendant had exclusive control of the Vessel.

22. Defendant knew of and/or created the foregoing dangerous and unsafe conditions that caused Plaintiffs' injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care and proper inspection and maintenance, knew of them or should have learned of them and corrected them and/or warned Plaintiffs of them. Insofar as it relates to conditions that Defendant did not create, if any,

Defendant's knowledge was or should have been acquired through prior incidents or from its maintenance and inspections of the area where the Plaintiff's injuries occurred.

23. Defendant engaged in wanton, willful, and outrageous conduct. The Defendant's wanton, willful, and outrageous conduct is evidenced by the acts and omissions enumerated herein and prior similar incidents which resulted in injuries. Plaintiffs are informed and believe that Defendant had notice of bed bug infestations in its passenger staterooms from prior similar incidents as evidenced by numerous online and social media complaints. Despite Defendant's knowledge of bed bug infestations and the foreseeable and severe health hazards, illness and injury they present to their passengers, Defendant failed to change their inspection and maintenance policies and procedures and failed to take reasonable steps to ensure passenger Staterooms are free of bed bug infestations prior to allowing guests to occupy them. Defendant further failed to inform the public and consumers, including Plaintiffs, and concealed from them, the known defects hereinabove described. Defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference for the rights and physical well-being and the health and safety of its passengers exposed to such infestation and demonstrated willful, wanton and outrageous conduct that rises to the level warranting punitive damages. *See Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 414 (2009) ("the common-law tradition of punitive damages extends to maritime claims"); *Fleischer v. Carnival Corp.*, 2016 WL 1156750, at **1-2 (S.D. Fla. Mar. 17, 2016) (two prior incidents sufficient for punitive damage pleading).

24. As a direct and legal result of Defendant's breach of a duty of care owed to Plaintiffs, Plaintiffs were injured and suffered damages as aforesaid.

## COUNT II
### (Negligent Infliction Of Emotional Distress—General Maritime Law)

25. Plaintiffs re-allege and incorporate by reference hereby Paragraphs 1 to 24, inclusive, as though the same were fully set forth herein.

26. Defendant, as the owner and operator of the Vessel owed Plaintiffs a duty to exercise reasonable care under the circumstances to provide them with safe and comfortable accommodations and avoid the infliction of emotional distress of its passengers.

27. Defendant knew, or should have known, that its failure to exercise due care in the performance of providing Plaintiffs with a safe and comfortable, and bed-bug free Stateroom would cause Plaintiffs severe emotional distress.

28. Defendant breached its duty by its failure to put Plaintiffs on notice of the bed bugs in their Stateroom and to remediate the bed bug infestation contamination, and as hereinabove described.

29. Defendant's conduct placed Plaintiffs in the immediate risk of physical harm and in fact caused direct physical impact and injury, and as such Plaintiffs were in the "zone of dangers" pursuant *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532 (1994) and *Stacy v. Rederiet Otto Danielsen, A.S.*, 609 F.3d 1033, 1035 (9th Cir. 2010).

30. Defendant's wanton, willful and outrageous conduct as hereinabove alleged entitles Plaintiff's to punitive damages.

31. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiffs have endured many sleepless nights and much emotional and mental distress, coupled with other physical conditions associated with severe mental and emotional distress.

32. As a further direct and proximate result of Defendant's deplorable behavior and the consequences proximately caused by it, as hereinabove alleged, Plaintiffs suffered severe emotional distress and mental suffering, all to their damage.

33. As a further direct and proximate result of Defendant's negligent infliction of emotional distress, Plaintiffs were injured and suffered damages as aforesaid.

## COUNT III
### (Intentional Infliction Of Emotional Distress—General Maritime Law)

34. Plaintiffs re-allege and incorporate by reference hereby Paragraphs 1 to 33, inclusive, as though the same were fully set forth herein.

35. Plaintiffs were bit by bed bugs all over their body. The sheer number of bites that the plaintiffs demonstrated is an indication that there was a severe bed bug infestation in their Stateroom aboard the vessel.

36. Defendant's conduct in dealing with Plaintiffs in their failure to put them on notice of bed bugs on the Vessel and in Plaintiffs' assigned Stateroom when they were fully aware of bed bug infestations on the Vessel, failure to take reasonable measures to eliminate all bug infestations, and to remediate the bed bug infestation contamination, was so extreme and outrageous as to go beyond all bounds of decency.

37. While acting in these outrageous ways, Defendant knew, or reasonably should have known, that its conduct would result in Plaintiffs' severe emotional distress.

38. Furthermore, Defendant acted with reckless disregard for the severe emotional consequences of its acts and omissions.

39. Defendant intended to cause or consciously disregarded the near certainty that Plaintiffs would suffer emotional distress, discomfort and annoyance from their exposure to bed bugs in their assigned Stateroom.

40. Defendant's wanton, willful and outrageous conduct as hereinabove alleged entitles Plaintiff's to punitive damages.

41. As a direct and proximate result thereof, Plaintiffs endured many sleepless nights and much emotional and mental distress, coupled with other physical conditions associated with severe mental and emotional distress.

42. As a further direct and proximate result of Defendant's intentional infliction of emotional distress, Plaintiffs were injured and suffered damages as aforesaid.

## COUNT IV
### (Battery—Florida Law)

43. Plaintiffs re-allege and incorporate by reference hereby Paragraphs 1 to 44, inclusive, as though the same were fully set forth herein.

44. On or about the dates alleged hereinabove, Defendant intentionally and recklessly did acts that resulted in offensive contact with the Plaintiffs' Libirio Argento, Jennifer Silva and minor children V.A. and C.A.  persons, including but not limited to, Plaintiffs' Libirio Argento, Jennifer Silva and minor children V.A. and C.A. bodies being massacred by bed bugs.

45. Defendant did the aforementioned acts with the intent to cause a harmful or offensive contact with the body of Plaintiff.

46. Plaintiffs Libirio Argento, Jennifer Silva and minor children V.A. and C.A.  did not consent to the touching alleged herein, (bed bug bites all over their bodies).

47. A reasonable person in Plaintiffs' Libirio Argento, Jennifer Silva and minor children V.A. and C.A. situation would have been offended by the unconsented contact.

48. Defendant's wanton, willful and outrageous conduct as hereinabove alleged entitles Plaintiffs Libirio Argento, Jennifer Silva and minor children V.A. and C.A. to punitive damages.

49. As a direct, legal and proximate result of the actions of Defendant, Plaintiffs Libirio Argento, Jennifer Silva and minor children V.A. and C.A. sustained serious injuries to their person (bed bug bites all over body), all of their damage in an amount to be shown according to proof.

50. As a further direct and proximate result of Defendant's battery, Plaintiffs Libirio Argento, Jennifer Silva and minor children V.A. and C.A. was injured and suffered damages as aforesaid.

## COUNT V
### (Fraudulent Concealment—Florida Law)

1. Plaintiffs re-allege and incorporate by reference hereby Paragraphs 1 to 52, inclusive, as though the same were fully set forth herein.

2. At all times relevant hereto, Defendant, through its employees and agents, were aware of the existence of bed bugs aboard the Vessel.

3. At all relevant hereto, Plaintiffs placed their trust and confidence in the Defendant that they would not be assigned a stateroom that posed a danger to their physical health and well-being. This placed the Defendant in a position of influence over the Plaintiffs.

4. Defendant and its employees and agent intentionally failed to disclose the material facts of the bed bug infestation, a fact known to the Defendant that the Plaintiffs could not have discovered before the injury occurred.

5. Plaintiffs did not know of the concealed fact of the bed bug infestation. Defendant intended to deceive the Plaintiffs by concealing the fact of the bed bug infestation.

6. The Plaintiffs reasonably relied on Defendant's deception.

7. The Plaintiffs were harmed in the form of severe physical and emotional injuries.

8. Defendants' concealment was a substantial factor in causing such harm.

9. Defendant's wanton, willful and outrageous conduct as hereinabove alleged entitles Plaintiff's to punitive damages.

10. As a further direct and proximate result of Defendant's fraudulent concealment, Plaintiffs were injured and suffered damages as aforesaid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Libirio Argento, Jennifer Silva and minor children V.A. and C.A. demand judgment in their favor and seeks the following relief for damages against Defendants:

A. For general damages in an amount in excess of $75,000, and according to proof, exclusive of interest and costs;

B. For compensatory damages according to proof;

C. For medical and related expenses, past, present, and future, according to proof;

D. For exemplary and punitive damages in an amount to be determined at trial;

B. For costs of suit;

C. For pre-judgment and post-judgment interest;

D. For punitive damages; and

E. For such other relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs, Libirio Argento, Jennifer Silva and minor children V.A. and C.A., hereby demand a trial by jury on all issues so triable for the above-captioned matter.

Dated:  December 20, 2020                       Respectfully submitted,

By:   /s/ *Channa Lloyd*
Channa Lloyd,  FL Bar No. 1002007
**THE COCHRAN FIRM - ORLANDO**
118 East Jefferson Street, Suite 306
Orlando, FL 32801
Tel:    407-271-8590
Fax:    407-271-8059
E-mail:clloyd@cochranfirm.com
***Attorneys for Plaintiff.***